UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

CASE NO. 11-115-HRW

WILLIAM J.R. EMBREY, PLAINTIFF,

v.  MEMORANDUM OPINION AND ORDER

UNITED STATES, DEFENDANT.

\* \* \* \* \* \* \* \*

This matter is before the Court upon the Defendant's Motion to Dismiss or in the Alternative for Summary Judgment [Docket No. 17]. For the reasons set forth herein, the Court finds that summary judgment is appropriate.

I.  BACKGROUND

Plaintiff William J.R. Embrey is currently incarcerated at the Federal Correctional Institution in Ashland Kentucky (hereinafter "FCI Ashland").

Embrey instigated this civil action against the United States pursuant to the Federal Tort Claims Act (hereinafter "FTCA"), 28 U.S.C. §§ 1346(b), 2671-80. He alleges that the United States, through its Bureau of Prisons staff: (1) "deprived Plaintiff of food from the prison mess hall for 26 days"; (2) "refus[ed] to allow him a wheel-chair so he could go to the mess hall for food"; (3) "[f]orc[ed] him to walk to the medical department and up two sets of stairs to reach the medical department" while knowing Plaintiff "could not stand or walk without assistance" and (4) failed to provide him with proper medical care [Complaint, Docket No. 1, pg. 3-4]

Embrey alleges that as a result of these acts and omissions, he suffered injury and seeks compensatory damages in the amount of $10,000 as well as fees and costs [Complaint, Docket No. 1, pg. 6].

Defendant seeks judgment as a matter of law as to all claims alleged herein.

## II. STANDARD OF REVIEW

### A. Summary Judgment

Defendant's motion seeks dismissal pursuant to Fed.R.Civ.Proc. 12(b)(6) or, in the alternative, summary judgment pursuant to Fed.R.Civ.Proc. 56. In support of its motion, Defendant has submitted documents which are not part of the pleadings in this case. This court may accept "matters outside the pleadings," but in doing so it must treat the motion "as one for summary judgment under Rule 56. Fed.R.Civ.P. 12(d). *See also Jones v. City of Cincinnati*, 521 F.3d 555 (6th Cir. 2008).

In 1986, the United States Supreme Court set forth the standard for summary judgment in a trilogy of cases: *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), *Celotex v. Cartett*, 477 U.S. 317. 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), and *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Following this precedent and Fed.R.Civ.P. 56©, the moving party is entitled to judgment as a matter of law when "[t]he pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact." Summary judgment is mandated against a party who has failed to establish an essential element of his or her case after adequate time for discovery. In such a situation, there is no genuine issue of material fact as the failure to prove an essential fact renders all other facts irrelevant. *Celotex v. Cartett*, 477 U.S. at 322-323.

## III. ANALYSIS

The FTCA was enacted in 1948 and partially waives the sovereign immunity of the United States by providing United States District Courts with subject matter jurisdiction over tort

2

claims brought against the United States. 28 U.S.C. § 1346. Under the FTCA, the United States has waived its sovereign immunity for claims against it for monetary damages arising from "personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant." 28 U.S.C. § 1346(b). In an FTCA claim, liability is determined by reference to the law of the state where the alleged negligent or wrongful conduct occurred. *Id. See also, Sellers v. United States*, 870 F.2d 1098, 1101 (6th Cir. 1989).

In this case, the alleged acts of negligence occurred in Kentucky, therefore Kentucky law governs this Court's analysis. In order to state a cause of action based on negligence under Kentucky law, a plaintiff must establish the following elements: "(1) a duty on the part of the defendant; (2) a breach of that duty; and (3) consequent injury." *Illinois Central R.R. v. Vincent, KY*, 412 S.W.2d 874, 876 (Ky. 1967).

    A.    <u>Plaintiff has not presented a cognizable claim under the FTCA with regard to his access to food.</u>

Plaintiff alleges that the Defendants "deprived [him] of food from the prison mess hall for 26 days and cause[d] [him] personal injury...." [Docket No. 1 pg. 3].

This bald assertion in his Complaint notwithstanding, Plaintiff has not established physical injury resulting from his alleged access to mainline food. Regardless of whether he was, in fact, denied access to food,[1] absent evidence of physical injury, Plaintiff cannot maintain this

---

[1] Notably, sales invoices from the prison Commissary during the time Plaintiff alleges he was denied access to food from the kitchen show that he made six large purchases. For example, in June 2010 he purchased 20 packages of cream cheese, 20 cans of tuna, 24 cans of mackerel, 8 Snickers bars, 3 Milky Way bars, 2 packages of M & M's, 5 cups of cheese, 10 cans of soup, 8 bricks of mozzarella, 4 cans of refried beans and 3 12-packs of soft drinks [Docket No. 17-6].

3

claim under the FTCA.

Even if this Court were to interpret Plaintiff's claim as one for mental or emotional injury, it fails. The FTCA prohibits an inmate from bringing an action against the United States for mental injury without a showing of accompanying physical injury. 28 U.S.C. § 1346(b)(2).

    B.    <u>Plaintiff has not presented a cognizable claim under the FTCA with regard to his access to a wheelchair or his use of the stairs.</u>

Plaintiff claims that he was wrongfully denied a wheelchair. However, he has failed to present any evidence that he needed a wheelchair or other ambulatory device during the relevant time period. Indeed, there is nothing in the record to indicate Plaintiff was somehow limited in his ability to move about. Although the medical records from the prison show that Plaintiff suffered from spinal stenosis, the treatment he received was conservative in nature, thereby negating any allegation, or even implication, that this condition prevented him from walking.

Further, the record establishes that during the relevant time period, Plaintiff was seen *walking* in his Unit and to and from the education department [Docket No. 17-13 and 15].

Moreover, Plaintiff was undoubtedly able to walk to and from the Commissary, and carry his purchases back to his cell.

Plaintiff has not demonstrated that a genuine issue of fact exists with regard to his need for a wheelchair.

    C.    <u>Plaintiff has not presented a cognizable claim under the FTCA as to lack of medical care.</u>

Plaintiff maintains that he was denied proper medical care while incarcerated at FCI Ashland. Under Kentucky law, a plaintiff alleging medical negligence must prove that a medical provider failed to adhere to the standard of care of a reasonably competent practitioner in the same medical field, proximately causing the plaintiff injury.

Generally, expert testimony is required to show that a medical provider failed to conform to the applicable standard of care and caused the plaintiff's injury. *See generally, Perkins v. Hausladen*, 828 S.W.2d 652 (Ky. 1992).

Plaintiff has not presented the Court with expert testimony and, thus, cannot establish a deviation from the standard of care. Therefore, Defendant is entitled to judgment as a matter of law as to this claim.

    E.    <u>Plaintiff has not adequately demonstrated why this Court should delay ruling upon Defendant's dispositive motion</u>

In an effort to avoid summary judgment, Plaintiff contends that judgment at this time would be premature and that he is entitled to pursue additional discovery.

While Kentucky substantive law governs the resolution of Embrey's claims, federal procedural law governs the manner in which they are resolved on a summary judgment motion. The general rule is that summary judgment is improper if the non-movant is not afforded a sufficient opportunity for discovery. The non-movant bears the obligation to inform the district court of his need for discovery. Thus, before a summary judgment motion is decided, the non-moving party must file an affidavit pursuant to Fed. R. Civ. P. 56(d) which details the discovery needed, or file a motion for additional discovery. If he does neither, "this court will not normally address whether there was adequate time for discovery." *Vance By and Through Hammons v. U.S.*, 90 F.3d 1145, 1149 (6th Cir. 1145).

In this case, Plaintiff has not filed such an affidavit. Rather, he merely states that discovery is needed. A conclusory statement as to the need for more discovery is not enough. *Shavrnoch v. Clark Oil and Refining Group*, 726 F.2d 291 (6th Cir. 1984) (finding that District

Court did not err in granting summary judgment where plaintiff did not allege that documents sought in further discovery contained information that would have created genuine issue of material fact, and never filed affidavit to stay consideration of summary judgment motion). *See also Wallin v. Norman*, 317 F.3d 558 (6th Cir. 2003)(holding that if party opposing a motion for summary judgment files affidavit stating that he or she unable to present facts essential to justify the opposition, the district court may permit further discovery so that the opposing party can adequately oppose the motion for summary judgment; however, it is up to the party opposing the motion to state why more discovery is needed in the affidavit).

In this case, Embrey does not specify, much less provide a sworn statement, what discovery is needed, in what form or how long it will take. Without these details in affidavit form, the Court need not delay ruling upon Defendant's dispositive motion.

Moreover, discovery could not cure the legal deficiencies of the claims in this case, which still fail as a matter of law.

IV. **CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment be [Docket No. 17] **SUSTAINED**.

This 12th day of September, 2012.



Henry R. Wilhoit, Jr.
Senior U.S. District Judge